CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
July 24, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Lawrence Edward Hinchee, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:25-cv-00029 |
| ) | |
| S.D. McCargo *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Lawrence Edward Hinchee, Jr., a Virginia inmate proceeding *pro se*, filed this action claiming a constitutional violation of the Eighth Amendment pursuant to 42 U.S.C. Section 1983. The claim asserted in this suit was initially filed as part of a complaint in which Hinchee alleged that 26 defendants violated a variety of laws and constitutional rights over many years at many institutions. *See Hinchee v. Reed et al.*, No. 7:24-cv-00721 (filed Oct. 21, 2024). On January 15, 2025, this court severed ten cases from Hinchee's initially filed complaint. *See id.*, Dkt. 10. This lawsuit (new action number three in the court's severance order) involves the allegations in Paragraph 30 of Hinchee's initial complaint at page 10, which concern a transport during which Hinchee was denied bathroom access, causing him to soil himself. (*See* Dkt. 1 at 10.)

-1-

## I.     Factual and Procedural History

Hinchee named three individuals as Defendants[1] in connection with these claims. Two of the named Defendants, S.D. McCargo and Kevin Williams, have appeared and filed a motion to dismiss and a memorandum in support thereof. (Dkts. 15, 16.) The court issued a *Roseboro* notice (Dkt. 18), but Hinchee did not file an opposition to the motion to dismiss. The court then sent a revised *Roseboro* notice (Dkt. 22) and granted Hinchee additional time to file a response opposing the motion to dismiss (Dkt. 21), but Hinchee still has not filed any response.

> These are Hinchee's factual allegations in their entirety:
>
> On January 3,2024, there were twenty-five inmates transferred from Nottoway Correctional Facility to Coffeewood Correctional Facility. At seven am we were all handcuffed with leg shackles and lock boxes on our hand cuffs. Our bus was delayed until thirteen-thirty. We were given our lunch, but officers, S.D. McCargo, Kevin Wells and Sally Wells, would not take off our lock boxes and cuffs so we could eat. I told S.D. McCargo I had to use the restroom, but not to urinate. I was told to sit down and hold my butt cheeks together. I ended up with diarrhea and couldn't hold it any longer by the time I arrived at Coffeewood. When I filed a written complaint, the response came back that four hours was plenty of time to use the restroom. This violates the eighth amendment rights against cruel and unusual punishment. See written complaint. See Journal entry.

(Dkt. 1 at 10.)

## II.     Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under

---

[1] Hinchee named "Sally Wells" as a Defendant. Counsel reported that no person named "Sally Wells" worked at the institution. (Dkt. 14) (declining to accept service because Sally Wells "is unknown and unable to be identified with the information provided in the Complaint"). The court therefore ordered Hinchee to provide identifying information for this named Defendant. (Dkt. 23.) Hinchee did not do so by the stated deadline. In accordance with Dkt. 23, the court therefore **DISMISSES** Sally Wells from this action without prejudice.

Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by pro se litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.    Analysis of the Motion to Dismiss

Here, even when Hinchee's allegations are accepted as true as required, the allegations fail to establish a viable claim that the Eighth Amendment to the Constitution was violated.

The Eighth Amendment protects convicted inmates from cruel and unusual punishment and imposes an affirmative obligation on correctional officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state an Eighth Amendment conditions of confinement claim, an inmate must allege facts that satisfy both

objective and subjective components. *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019). To satisfy the objective component, an inmate must "demonstrate that 'the deprivation alleged [was], objectively, sufficiently serious.'" *Id.* (quoting *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016)). To be sufficiently serious, the claimed deprivation must amount to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993). "[T]he deprivation must be 'extreme'—meaning that it poses a 'serious or significant physical or emotional injury resulting from the challenged conditions,' or 'a substantial risk of harm resulting from . . . exposure to the challenged conditions.'" *Porter*, 923 F.3d at 355 (second alteration in original) (quoting *Scinto*, 841 F.3d at 225). To satisfy the subjective component, a plaintiff must demonstrate that prison officials "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

The alleged deprivation of Hinchee's access to a bathroom was temporary. Courts have generally found that a "temporary deprivation of bathroom facilities," even when it resulted in the prisoner soiling himself, does not rise to the level of an Eighth Amendment violation. *Hooks v. Chapman*, No. CA 0:12-2416-GRA-PJG, 2012 WL 6674494, at *2–3 (D.S.C. Nov. 30, 2012), *report and recommendation adopted*, No. 0:12-CV-02416-GRA, 2012 WL 6674491 (D.S.C. Dec. 21, 2012) (collecting cases); *see also Baker v. Clarke*, No. 7:20-cv-00204, 2020 WL 3422198, at *2 (W.D. Va. June 22, 2020) (collecting cases). This court and others have considered similar facts and dismissed the claims as insufficient. In *DePaola v. Ray*, No. 7:12cv00139, 2013 WL 4451236 (W.D. Va. July 22, 2013), *report and recommendation adopted as modified*, No. 7:12-cv-00139, 2013 WL 4453422 (W.D. Va. Aug. 16, 2013), an inmate alleged

that his Eighth Amendment rights were violated when he was denied bathroom access. The plaintiff told the defendants that he needed to use a restroom; they responded that he could not do so until he was returned to his institution. The court held that "the denial of restroom privileges for approximately five hours" while being transported "does not constitute a denial of a minimal measures of life's necessities," and that the plaintiff's "claim that he suffered extreme, sharp bladder pain [was] insufficient to state a serious or significant injury resulting from the alleged denial of restroom privileges." *Id.* at \*29–30; *see also Allen v. Good*, No. 7:22-cv-00351, 2023 WL 5984287, at \*7 (W.D. Va. Sept. 14, 2023) (dismissing Eighth Amendment claim where inmate alleged he was denied access to a restroom for over six hours during a transport and had to urinate in a bottle); *Davis v. Watson*, No. 2:15cv146, 2015 WL 13049846, at \*3 (E.D. Va. Nov. 17, 2015) (dismissing Eighth Amendment claim where inmate alleged he was deprived of bathroom facilities for a two-hour period during which he urinated on himself twice); *Stokes v. Shaver*, No. 1:21CV785, 2022 WL 4246250, at \*3 (M.D.N.C. Sept. 15, 2022) (recommending dismissal of Eighth Amendment claim where inmate alleged three-hour denial of bathroom access resulting in him urinating and defecating on himself).

Furthermore, Hinchee's alleged deprivation did not result in a sufficiently serious or significant injury to state an Eighth Amendment claim. Hinchee does not allege that he needed medical treatment, nor does he allege that he suffered any lasting effects from the alleged denial. In addition, the allegations in the Complaint do not provide a plausible basis to conclude that the Defendants "subjectively disregarded a substantial risk of serious harm" to Hinchee as is required. *Porter v. Clarke*, 923 F.3d 348, 361 (4th Cir. 2019).

## IV.　Conclusion

For these reasons, Hinchee's Complaint fails to allege a plausible claim of entitlement to relief for the alleged violation of the Eighth Amendment.  Accordingly, the court **GRANTS** Defendants' motion to dismiss, and **DISMISSES** this action.

The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to Hinchee.

**IT IS SO ORDERED**.

**ENTERED** this 24th day of July 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE